# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GEORGE TESTON,**

    **Petitioner,**

**vs.**                                          **CASE NO. 4:04cv377-RH/WCS**

**JAMES CROSBY, JR. et al.,**

    **Respondents.**
_____/

## ORDER ON RENEWED MOTION TO ABATE

    This cause is before the court on Petitioner's renewed motion to abate, asking that the case be held in abeyance until his Fla.R.Crim.P. 3.800(a) motion is adjudicated in state court. Doc. 19. Pending is the 28 U.S.C. § 2254 petition filed by Petitioner on September 12, 2004 (the date of mailing). Doc. 1. Respondent filed a response on January 19, 2005. Docs. 7 (response) and 8 (exhibits).

    Petitioner alleges that he filed the Rule 3.800(a) motion on April 20, 2005, "in an effort to fully exhaust the complained of due process constitutional issue of illegal sentence imposition." Doc. 19, p. 2. He states that he filed a motion to abate on an

unspecified date in February, 2005, "to allow him to fully exhaust one of his four habeas grounds in the state courts prior to final disposition of the instant cause." *Id.*  A copy of the motion purportedly filed is attached as Ex. B to doc. 19.  According to that motion, it is ground three of the § 2254 petition which Petitioner wishes to fully exhaust.  There is no other copy of that motion in the file, and the docket does not reflect it was ever received by the clerk.[1]

Respondent concedes exhaustion of ground three and argues that Petitioner is not entitled to relief on the merits.  Doc. 7, pp. 21-27.  Petitioner has given no reason why review of this petition should be stayed pending another attempt to obtain relief in the state courts.  The renewed motion for abeyance is therefore denied, but denial is without prejudice.  Petitioner may renew his motion if he can articulate why ruling on the Rule 3.800(a) motion will affect the pending § 2254 petition.

Accordingly, it is **ORDERED**:

1. Petitioner's renewed motion to abate (doc. 19) is **DENIED**.

2. The clerk shall forward to Petitioner a copy of the docket.

---

[1] Petitioner states that he filed a notice of inquiry regarding his motion to abate on April 28, 2005 (referencing Ex. C), and filed a second notice of inquiry on June 1, 2005.  Doc. 19, p. 2.  He asserts that on May 3, this court construed the second notice of inquiry as a request for enlargement and gave Petitioner until June 3, 2005.  Doc. 19, p. 3, referencing Ex. D.  It was the first notice of inquiry (doc. 13, identical to Ex. C) addressed in that order (doc. 14 in the file); the second notice of inquiry was addressed in the court's order of June 9, 2005, granting an extension to July 15, 2005.  Doc. 18 (Petitioner had not yet received that order when he prepared his renewed motion on June 9, 2005).  Further, both inquiries referred not to a motion to *abate*, but to a "Federal Habeas Petition / Motion to Abeas [sic]."  Docs. 13 and 17 (and so quoted in the order, doc. 18).

Case No. 4:04cv377-RH/WCS

3.  Petitioner shall file a reply to Respondent's answer, if desired, on or before **August 19, 2005**.

**DONE AND ORDERED** on July 14, 2005.

<u>s/   William C. Sherrill, Jr.</u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**
