IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE V. TESTON,

    Petitioner,

vs.

                                         CASE NO. 4:04cv377-RH/WCS

JAMES CROSBY,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This is a petition for writ of habeas corpus filed by George V. Teston pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his conviction for three counts of child abuse, three counts of child neglect, three counts of contributing to the dependency of a child, possession of cocaine, and possession of cannabis in the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida, case number 98-115-CF.

    Respondent filed an answer, doc. 7, and the state record, doc. 8.  Respondent concedes that state court remedies as to federal claims have been exhausted and this petition was timely filed.  Doc. 7, p. 11.  Petitioner filed a traverse.  Doc. 21.  The claims will be considered in the order presented.

Petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  § 2254(d)(1).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings.  Williams v. Taylor, 529 U.S. 362, 404-406, 120 S.Ct. 1495, 1519-1520, 146  L.Ed.2d 389 (2000); Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citing Williams).  "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court  precedent.  Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. at 412-413, 120 S.Ct. at 1523; 535 U.S. at 694, 122 S.Ct. at 1850.

**Ground One:  Error in allowing the filing of the second amended information**

Petitioner contends that the trial court erred by allowing the State to file a second amendment to the information.  In his traverse, Petitioner relies upon the allegations in his Fla.R.Crim.P. 3.800 motion.  Doc. 21, p. 5.  The gist of this claim as set forth in the

Rule 3.800 motion is that the amended information dropped count one as originally filed, substituted former count two for count one, and added a new charge in count two. Petitioner contends that he was supposed to have been given a copy of this amended information at least twenty-four hours before being required to plead to it, and was entitled to additional time to prepare a defense.  Doc. 8, ex. N, R. 12.  He contends he was required to go to trial on the amended information without an arraignment.  *Id*. Cited in support of this claim was Alvarez v. State, 157 Fla. 254, 25 So. 2d 661 (1946).

The first amended information charged fifteen counts[1] and was filed on October 7, 1998.  Doc. 8, ex. B.  Petitioner filed a motion to dismiss count 1, alleging sexual battery upon J.L., a child under the age of 18, because the victim had testified in her deposition that Petitioner had not penetrated her vagina.  *Id*., ex. C.  The State filed a second amended information on June 7, 1999,[2] again charging fifteen counts.  *Id*., ex. D.  The second amended information dropped count 1, the capital sexual battery count, mooting the motion to dismiss.  Count 1 of the second amended information was the same as count 2 of the first amended information, lewd assault upon J.L.  The second amended information then added a new count 2, alleging willful torture of J.L., a female under 18 years of age.  *Id*., ex. B and C.  Thus, the only new claim was count 2.

The trial court found that the second amended information was filed on June 7, 1999, two weeks before the trial, which began on June 21, 1999, and found that amendment of an information was "perfectly proper."  Doc. 8, ex. N, R. 135.  The court

---

[1] The information alleged counts 1 through 16, but skipped count 11.

[2] The date stamp reads 1998, but the jurat is dated 1999.

further found that the objection to the second amended information was not well-founded as a matter of law, should have been raised on direct appeal, and was procedurally barred from being raised by a Rule 3.800 motion.

<u>Alvarez v. State</u> held that it violated "due process" to amend an information mid-trial where the new information was not sworn to by the County Solicitor, filed in court, and there was no arraignment. The citation to that case arguably raised a federal due process claim, though that is not clear as the court had been discussing the Florida Constitution.

The facts of this case, of course, are quite different. The second amended information was sworn to and filed two weeks before Petitioner's trial began, and it only alleged one new claim. All fourteen of the other claims had been pending for months in the first amended information. In any event, a federal due process claim of having to go to trial without sufficient time to prepare requires a showing of "specific substantial prejudice." *See* <u>United States v. Verderame</u>, 51 F.3d 249, 251 (11th Cir.), *cert. denied*, 516 U.S. 954 (1995). Petitioner has not shown any prejudice. He has not alleged or demonstrated that he had insufficient time to prepare for trial on the new count 2 of the second amended information.

Likewise, assuming there was a failure to arraign Petitioner on the second amended information, that sort of error did not affect Petitioner's substantial rights since he has not shown that he did not have sufficient time to prepare to meet the new charge. *See* <u>United States v. Boruff</u>, 909 F.2d 111, 118 (5th Cir. 1990), *cert. denied*, 499 U.S. 975 (1991); <u>United States v. Correa-Ventura</u>, 6 F.3d 1070, 1073 (5th Cir.

1993) (must show prejudice to obtain relief for failure to arraign).[3] The claim, therefore, is insufficient on its face and without merit.

**Ground Two: Resentencing using the wrong guidelines score sheet**

Petitioner contends that it was error to resentence him on March 13, 2000, using a state guideline score sheet filed on September 2, 1999. A violation of a state rule of procedure or of a state law is not itself a violation of the federal constitution. Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). "In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (citations omitted). This claim fails to state a claim of violation of the federal constitution.

**Ground Three: Vindictive resentencing**

Petitioner was successful in post-conviction litigation and his case was remanded for resentencing. The trial judge imposed the same sentence (a combined sentence of 20 years in prison) as he had previously imposed. Petitioner contends this was vindictive sentencing in violation of due process.

Petitioner's federal claim is based upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Pearce applies when the second sentence is more severe than the first.

> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes *a more severe* sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.

---

[3] Moreover, these cases do not suggest that there is a federal constitutional claim. Both cases were decided as a matter of federal law.

> Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 726, 89 S.Ct. at 2081 (emphasis added).

> A resentencing does not trigger the rule in *Pearce* unless the second sentence is "more severe."  Thus, when there is a single count of conviction, as in this case, the *Pearce* presumption of vindictiveness does not arise if the court imposes the same sentence on remand.  *See United States v. Arrington*, 255 F.3d 637, 639 (8th Cir.2001).

United States v. Smotherman, 326 F.3d 988, 989 (8th Cir.), *cert. denied*, 540 U.S. 912 (2003); United States v. Rodgers, 278 F.3d 599, 605 (6th Cir.), *cert. denied*, 535 U.S. 946 (2002).

It does not matter that the trial judge sentenced within the state guidelines the first time and departed upward the second time.  Petitioner has no federal claim because his second sentence was the same as his first.

**Ground Four:  Error by departing upward at resentencing**

Petitioner contends that the trial court abused its discretion departing upward from the guidelines at resentencing.  This is a state law claim and fails to state a federal constitutional claim.

**Recommendation:**

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by George V. Teston pursuant to 28 U.S.C. § 2254 challenging his conviction for three counts of child abuse, three counts of child neglect, three counts of contributing to the dependency of a child, possession of cocaine, and possession of cannabis in the Circuit

Court of the Third Judicial Circuit, in and for Taylor County, Florida, case number 98-115-CF, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2005.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**